UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID FRANKLIN and ONIKA GORDON,

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiffs,

-against-

THE CITY OF NEW YORK; POLICE OFFICER
JOHN TELESCA; POLICE OFFICER BRIAN
DOHERTY, Shield No. 12054; POLICE OFFICER
THOMAS O'CONNELL, Shield No. 17612; POLICE
OFFICER TIFFANY MOBLEY; POLICE SERGEANT
VINCENZO SPINOLA; POLICE DETECTIVE
"FNU" [First Name Unknown] CULLEN; POLICE
DETECTIVE JOEL AYALA, Shield No. 2912; JOHN
DOES; and RICHARD ROES,

Defendants,

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the defendants'

violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the

United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and

Constitution of the State of New York.  Plaintiffs seek damages, both compensatory and punitive,

affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further

relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its

Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred

upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an

action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case

or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded

herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New

York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiffs each filed a Notice of Claim with the Comptroller of the City of New York

within 90 days of the dismissal of the criminal charges against them.  More than 30 days have

elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected

or refused.  Plaintiff Franklin was scheduled to have a NY General Municipal Law § 50-h hearing

on April 16, 2020. Plaintiff Gordon was scheduled to have a 50-h hearing on April 23, 2020.  The

50-h hearings did not go forward due to the work closures ordered by Governor Andrew Cuomo and

Mayor DiBlasio.  Plaintiffs will submit to a 50-h hearing after filing of the instant Complaint, which

2

is filed to meet statute of limitations deadlines.

## PARTIES

7.     Plaintiffs were at all times relevant herein a resident of the State of New York, New York County.  Plaintiffs are African-American.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which act as its agent in the area of law enforcement, and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.     Defendants POLICE OFFICER JOHN TELESCA; POLICE OFFICER BRIAN DOHERTY, Shield No. 12054; POLICE OFFICER THOMAS O'CONNELL, Shield No. 17612; POLICE OFFICER TIFFANY MOBLEY; POLICE SERGEANT VINCENZO SPINOLA; POLICE DETECTIVE "FNU" [First Name Unknown] CULLEN; POLICE DETECTIVE JOEL AYALA, Shield No. 2912; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE

3

OFFICER JOHN TELESCA; POLICE OFFICER BRIAN DOHERTY, Shield No. 12054;

POLICE OFFICER THOMAS O'CONNELL, Shield No. 17612; POLICE OFFICER TIFFANY

MOBLEY; POLICE SERGEANT VINCENZO SPINOLA; POLICE DETECTIVE "FNU" [First

Name Unknown] CULLEN; POLICE DETECTIVE JOEL AYALA, Shield No. 2912; and JOHN

DOES are sued individually.

10.     Defendants POLICE SERGEANT VINCENZO SPINOLA; POLICE DETECTIVE "FNU"

[First Name Unknown] CULLEN; POLICE DETECTIVE JOEL AYALA, Shield No. 2912; and

RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory

officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City

Police Department, responsible for the training, retention, supervision, discipline and control of

subordinate members of the police department under their command.  Defendants are and were at all

times relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by

THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the

course of their duties.  Defendants POLICE SERGEANT VINCENZO SPINOLA; POLICE

DETECTIVE "FNU" [First Name Unknown] CULLEN; POLICE DETECTIVE JOEL AYALA,

Shield No. 2912; and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On May 20, 2017, at approximately 4:15 a.m., Plaintiff Franklin was operating a

motor vehicle in the vicinity of Putnam Place and East Gun Hill Rd. Bronx, NY (hereinafter referred

to as the "location").

12.     Plaintiff Gordon occupied the front passenger seat. Upon information and belief Gordon is the registered owner of the vehicle.

13.     John Does Defendants - on information and belief (the source of which being documents provided by the District Attorney's office during the course of Plaintiffs' prosecutions) including Defendants Doherty, Telesca, Mobley, O'Connell, Spinola, Cullen, and Ayala - unlawfully stopped the plaintiffs' vehicle without just cause or reason.

14.     No traffic violation had been committed and there was no warrant for the plaintiffs or alarm / alert related to the car.

15.     The individually named Defendants were in plain clothes.

16.     The individually named Defendants approached on both sides of plaintiffs' vehicle.

17.     The individually named Defendants did not provide a reason for stopping the car when asked.

18.     One of the individually named Defendants opened the driver's side door and immediately pulled Franklin out of the car.

19.     Franklin was brought to the rear of the car.

20.     Another John Doe ordered Plaintiff Gordon out of the car.

21.     Gordon complied, and she too was brought to the rear of the vehicle.

22.     The officers, absent permission or authority, went inside the plaintiffs' car and immediately began searching it.

23.     Both Franklin and Gordon were ordered to turn around and face away from the car when they attempted to see what the John Does were doing.

24.     The John Does came to the rear of the vehicle and without explanation handcuffed and arrested the plaintiffs.

5

25.     The plaintiffs were transported to the 52nd pct. and put in separate holding cells.

26.     Gordon was assaulted in the presence of John Does Defendants by a dangerous prisoner while being held at the 52nd pct., and the John Does purposefully did not intervene to timely help her.

27.     Eventually both plaintiffs were brought to Bronx Central Booking for arraignment.

28.     The Plaintiffs were arraigned in Bronx Criminal Court and falsely charged with criminal possession of a weapon in the third degree, criminal possession of a firearm, criminal possession of a weapon fourth degree and possession of ammunition.

29.     These allegations are false: Plaintiffs' had no firearm or ammunition on their persons or in the car.

30.     Defendant O'Connell is listed as the arresting officer and signed a false complaint with the intent to prosecute the plaintiffs for crimes that he knew that they didn't commit.

31.     Upon information and belief, the source of which being documents produced by the District Attorney's office during the course of Plaintiffs' prosecutions, the individual Defendants gave false statements to members of the Bronx County District Attorney's Office and to the Grand Jury, and submitted false police reports in connection with the plaintiffs' arrests, all provided for the purpose of prosecuting the plaintiffs for crimes the individual Defendants knew that the Plaintiffs did not commit.

32.     Upon information and belief, the individual Defendants conspired to falsely arrest, wrongfully prosecute, abuse process against, and fabricate evidence against Plaintiffs, and deny Plaintiffs due process of law.

33.     The Plaintiffs' car, and Franklin's cell phone, were confiscated by the individual Defendants and have never been returned to them.

34.     Plaintiffs were caused to appear in court approximately twenty (20) times to defend themselves against the false charges manufactured by the individual Defendants.

35.     On October 23, 2019 all criminal charges were dismissed against Plaintiffs by application of the Bronx District Attorney's Office.

36.     Defendant City was on notice of prior misconduct of defendant Doherty that resulted in a substantiated abuse of authority finding against him by the Civilian Complaint Review Board stemming from an incident on June 4, 2016.

37.     Defendant City was on notice of prior misconduct of defendant Doherty that resulted in a substantiated abuse of authority finding against him by the Civilian Complaint Review Board stemming from an incident that occurred on January 25, 2017.

38.     Defendant City was on notice of prior misconduct of defendants Doherty and O'Connell that resulted in a substantiated abuse of authority finding against them with respect to two individuals.  The incident occurred on December 7, 2015.

39.     Defendant City was on notice of prior misconduct of defendants Doherty and Ayala that resulted in a substantiated abuse of authority finding against them with respect to two individuals.  The incident occurred on June 10, 2016.

40.     Defendant Telesca was arrested and is being prosecuted for possession of child pornography.

41.     Defendant City failed to properly investigate said defendants officers, supervise said defendants, evaluate said defendants, monitor said defendant officers, suspend or place them on probation, reassign, retrain, dismiss, and / or discipline said defendant officers. The City acted with deliberate indifference toward the dangers stemming to the general public from these defendant

officers' employment, as well as other officers who have been similarly engaging in prohibited

conduct.

42.     Defendant City also had knowledge that police personnel from the 52nd pct., where

the individual Defendants were assigned at the time of the incident, were routinely engaging in

searches absent a warrant, intimidation, threats, falsifying records, and submitting false reports.

They did so without fear of discipline or consequences for said conduct.

43.     The search of the plaintiffs' persons and property were without the plaintiffs'

consent.

44.     It is hereby alleged, pursuant to CPLR 1603, that this action is exempt from the

operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602

### FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

45.     The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

46.     By their conduct and actions in stopping plaintiffs, seizing plaintiffs' persons and

their property, falsely arresting and imprisoning plaintiffs, searching plaintiffs, abusing process

against plaintiffs, wrongfully prosecuting plaintiffs, violating rights to due process of plaintiffs

(including fabricating evidence against plaintiffs), assaulting and battering plaintiffs, trespassing

upon plaintiffs, violating rights to equal protection of plaintiffs, failing to protect plaintiff's health,

safety, and well-being while plaintiffs were in their custody, failing to intercede on behalf of the

plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment

they received at the hands of other defendants, Defendants POLICE OFFICER JOHN TELESCA;

8

POLICE OFFICER BRIAN DOHERTY, Shield No. 12054; POLICE OFFICER THOMAS

O'CONNELL, Shield No. 17612; POLICE OFFICER TIFFANY MOBLEY; POLICE

SERGEANT VINCENZO SPINOLA; POLICE DETECTIVE "FNU" [First Name Unknown]

CULLEN; POLICE DETECTIVE JOEL AYALA, Shield No. 2912; and JOHN DOES, acting

under color of law and without lawful justification, intentionally, maliciously, and with a deliberate

indifference to or a reckless disregard for the natural and probable consequences of their acts, caused

injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C.

§1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

47.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise

damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

48.     The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

49.     By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

POLICE SERGEANT VINCENZO SPINOLA; POLICE DETECTIVE "FNU" [First Name

Unknown] CULLEN; POLICE DETECTIVE JOEL AYALA, Shield No. 2912; and RICHARD

ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983

and the United States Constitution, including its Fourth and Fourteenth amendments.

50.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

51.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

54.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the fabrication of false narratives concerning the finding of firearms and/or ammunition by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the

unconstitutional conduct alleged herein.

55.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

56.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

57.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

58.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New

York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

60.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

61.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.    By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.


WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The immediate return of their unlawfully seized property;

       d.  The convening and empaneling of a jury to consider the merits of the claims

herein;

       e.  Costs and interest and attorney's fees;

       f.  Such other and further relief as this court may deem appropriate and equitable.


Dated:       New York, New York
           May 15, 2020

                 _____/S/_____
                 Jeffrey A. Rothman, Esq.
                 305 Broadway, Suite 100
                 New York, New York 10007
                 (212) 227-2980

                 _____/S/_____
                 Jeffrey L. Emdin, Esq.
                 330 West 38th Street, Suite 302
                 New York, New York 10018
                 (212) 265-1350

                 Attorneys for Plaintiffs